In the Matter of ALLEN M. LEWIN, an Attorney.

First Department, June 3, 1982

#### APPEARANCES OF COUNSEL

*Lawrence M. Herrmann* for respondent.

*Michael A. Gentile* for the Departmental Disciplinary Committee for the First Judicial Department.

#### OPINION OF THE COURT

*Per Curiam.*

Respondent Allen M. Lewin, who was admitted to the Bar in the Second Department on June 19, 1957, has submitted an affidavit dated March 2, 1982 in which he tenders his resignation as an attorney and counselor at law (see Rules of App Div, 1st Dept, 22 NYCRR 603.11).

Respondent acknowledges that he is the subject of an investigation by the Departmental Disciplinary Committee for the First Judicial Department and that the following charges are pending against him: (a) that respondent neglected an estate matter entrusted to him, received fees for work which he did not perform, split fees with a nonattorney, and converted estate funds to his own use; (b) that respondent converted a client's funds to his own use; (c) that respondent induced a client to pay additional fees in a matrimonial action under the false pretenses that those fees would be used to "fix" the outcome of his case

and that he handled a matter without adequate preparation; (d) respondent converted his client's funds to his own use, misrepresented the status of several matters entrusted to him and neglected matters entrusted to him; (e) respondent failed to carry out the contract of employment entered into for professional services; (f) that respondent neglected several matters entrusted to him and misrepresented the status of matters entrusted to him; (g) that respondent neglected estate matters entrusted to him; (h) that respondent neglected two matters entrusted to him; (i) pursuant to the complaint of the Departmental Disciplinary Committee initiated *sua sponte* as a result of an indictment handed down by the Grand Jury of Westchester County, alleging that respondent "on or about and between August 21, 1979 and September 17, 1979 * * * stole property from Evelyn Tepper Steinhard, in an aggregate value and amount in excess of $1,500.00."

Respondent indicates that his resignation is made freely and voluntarily without coercion or duress of any kind and that he is fully aware of the implications and consequences of his resignation. He admits that if a disciplinary proceeding were commenced against him based upon the aforementioned charges, he could not defend himself on the merits successfully.

Under the circumstances herein, respondent's resignation as a member of the Bar is accepted and directed to be filed; and it is ordered that his name be struck from the roll of attorneys and counselors at law, effective immediately and the request that Dr. Rosner's psychiatric report be sealed should be granted.

SANDLER, J. P., SILVERMAN, BLOOM, FEIN and ASCH, JJ., concur.

Resignation of respondent accepted and filed, and respondent's name stricken from the roll of attorneys and counselors at law in the State of New York, effective June 3, 1982.